# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 1:20-MC-00116 |
| v. | DECLARATION AND CLAIM OF PRIVILEGE |
| CHINA TELECOM AMERICAS CORPORATION | |

**DECLARATION AND CLAIM OF PRIVILEGE
OF THE ATTORNEY GENERAL OF THE UNITED STATES**

I, William P. Barr, hereby declare the following:

1. I am the Attorney General of the United States of America and head of the United States Department of Justice, an Executive Department of the United States. I have official custody of and control over the files and records of the United States Department of Justice. The matters stated herein are based on my knowledge, on consideration of information available to me in my official capacity as Attorney General, on discussions that I have had with other Justice Department officials, and on conclusions I have reached after my review of this information.

2. Under the authority of 50 U.S.C. § 1806(f), I submit this declaration pursuant to the Foreign Intelligence Surveillance Act of 1978 (FISA), as amended, in connection with the above-captioned proceedings. I have been advised that the Government presently intends to use information obtained or derived from FISA-authorized electronic surveillance in administrative proceedings before the Federal Communications Commission (FCC) against China Telecom (Americas) Corporation (CTAC), an aggrieved person. *See* 50 U.S.C. § 1806(c). Accordingly, CTAC, by and through its counsel, filed letters with the FCC requesting the FISA information and related materials (hereinafter the requests). The Government will file an opposition to CTAC's requests. For the reasons set forth in the Government's Opposition, it is necessary to provide this Court with the application(s) and certification(s) submitted to, and the order(s) issued by, the

Foreign Intelligence Surveillance Court, as well as other related documents (hereinafter collectively referred to as "the FISA Materials").

3. Based on the facts and considerations set forth below, I hereby claim that it would harm the national security of the United States to disclose or hold an adversary hearing with respect to the FISA Materials. The United States will be submitting the relevant classified documents to this Court as part of a "Sealed Appendix," so this Court may conduct an *in camera, ex parte* review of the legality of the FISA collection at issue. My Claim of Privilege also extends to the classified portions of any memoranda, briefs, or other documents the Government may file in connection with this litigation and to any oral representations that may be made by the Government that reference the classified information contained in the FISA Materials.

4. In support of my Claim of Privilege, the United States is submitting to the Court for *in camera, ex parte* review the Declaration of Jesse Levine, Acting Assistant Director, Counterintelligence Division, Federal Bureau of Investigation. The Declaration of Mr. Levine sets forth, in detail, the specific facts on which my Claim of Privilege is based. The Declaration of Mr. Levine is classified at the "TOP SECRET" level.

5. Relying on the facts set forth in the Declaration of Mr. Levine, I certify that the unauthorized disclosure of the FISA Materials that are classified at the "TOP SECRET" level reasonably could be expected to cause exceptionally grave damage to the national security of the United States. I further certify that the unauthorized disclosure of the FISA materials that are classified at the "SECRET" level reasonably could be expected to cause serious damage to the national security of the United States. The FISA Materials contain sensitive and classified information concerning United States intelligence sources and methods and other information related to efforts of the United States to conduct counterintelligence investigations, including the manner and means by which those investigations are conducted. As a result, the unauthorized disclosure of the information could harm the national security interests of the United States.

6. I respectfully request that the Court treat the contents of the Sealed Appendix, for security purposes, in the same sensitive manner that the contents were treated in the submission to this Court, and to return the Sealed Appendix to the Department of Justice upon the disposition of CTAC's requests. The Department of Justice will retain the Sealed Appendix under the seal of the Court subject to any further orders of this Court or other courts of competent jurisdiction.

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 8th day of December, 2020.

William P. Barr
Attorney General